Mr. Chief Justice Chase
delivered tbe opinion of the court:
This is an appeal from the Court of Claims.
The substantial averments of the petition are these:
First: That the United States, during the period of the late civil war, illegally, violently, and forcibly took possession of the petitioner’s plantation, in the State Louisiana, on the false pretext that it had been abandoned by the owner, and held it until January, 1866, during which time the United States, and the agents placed in charge of the plantation, destroyed and carried away the property of the petitioner to the value of $42,508; and,
Secondly: That the United States, during-the same period, rented the plantation to sundry persons who made large crops, worth $15,000 or $30,000.
This petition was dismissed by the Court of Claims for want of jurisdiction.
The destruction of property complained of -was during the war and in one of the States engaged in the rebellion, and the presumption, in the absence of inconsistent allegations, that it was by the military forces of the United States.
It is clear that a petition for compensation for injuries of this character could not be sustained in the Court of Claims, for the demand plainly grows £- out of the destruction or appropriation of or damage to property by the Army or Navy engaged in the suppression of the rebellion,” and is excluded from the cognizance of that court by the express terms of the Act oj July 4,1864. (13 Stat. L., p. 381.)
■ But it is- insisted that the court had at least jurisdiction of the case made by the petition in respect to the leasing of the plantation, under the amendment to the Captured or abandoned property Act made by the second and third sections of the Act of July 2,1864. (13 Stat. L., p. 375.; These sections provide for leasing abandoned lands by the agents of the Treasury Department, and the payment of the not amounts of rents collected into the Treasury. But the petition in this case makes the leasing an incident only to the unlawful appropriation and spoliation of the plantation. It does not allege any leasing by the agents of the Treasury Department, or that any rents were collected by them or paid into the Treasury.
It is plain, therefore, that the petition does not state a case *286 within the j urisdiction of the Court of Claims. If the petitioner has any claim, upon the Government he must seek relief from Congress.
The decree dismissing the petition must bo affirmed.